ELECTRONICALLY FILED
Miller County Circuit Court
Mary Pankey, Circuit Clerk
2017-May-12 11:18:16
46CV-17-170
C08SD01 : 11 Pages

## IN THE CIRCUIT COURT OF MILLER COUNTY, ARKANSAS

Lauren Hyman, individually, and
as Special Administrator of the
Estate of Dennis James Hyman, Jr., deceased,
and on behalf of the wrongful death
beneficiaries of Dennis James Hyman, Jr.                          PLAINTIFF

v.                               NO. CV-_____

Livingston Trucking, Inc., and
David Kenneth Campbell                                           DEFENDANTS

### COMPLAINT

Comes now the Plaintiff, Lauren Hyman, individually, and as Special Administrator of the Estate of Dennis James Hyman, Jr., deceased, and on behalf of the wrongful death beneficiaries of Dennis James Hyman, Jr., by and through her attorneys, Trammell Piazza Law Firm, PLLC, and for her causes of action herein alleges and states as follows:

### PARTIES

1.    Lauren Hyman, the Special Administrator of the Estate of Dennis James Hyman, Jr. pursuant to Miller County Probate Order Number 46PR-16-257-1, brings this action on behalf of herself and on behalf of the Estate of Dennis James Hyman, Jr., deceased, and the wrongful death beneficiaries of Dennis James Hyman, Jr. pursuant to the Arkansas Survival Statute, Arkansas Code section 16-62-101, and the Arkansas Wrongful Death Act, Arkansas Code section 16-62-102.

2.    Dennis James Hyman, Jr. was 53 years old at the time of the collision, having been born on October 10, 1962.

1



EXHIBIT
A

3.   Lauren Hyman is the daughter of the decedent, Dennis James Hyman, Jr., and brings this action against Defendants claiming damages arising out of a vehicular collision involving a tractor-trailer and an automobile, which occurred on December 21, 2015, in the southbound lanes of Interstate 49 in Miller, Arkansas.

4.   Defendant Livingston Trucking, Inc. is a foreign corporation, whose address is 169 Blankenship, P.O. Box 7606, Texarkana, Texas 75505.  Livingston Trucking, Inc. is the owner of the commercial tractor-trailer involved in a collision on December 21, 2015.  Livingston Trucking, Inc. is the employer of Defendant DAVID Kenneth Campbell.  Livingston Trucking, Inc. can be served with process through Duane Livingston at ROUTE 9 BOX 401, Texarkana, Bowie County, Texas.

5.   Defendant David Kenneth Campbell ("Defendant Driver") is a citizen of the State of Texas, residing in Bowie County, Texas.  During the relevant time periods described herein, Defendant Driver was acting within the course and scope of his employment as a commercial tractor-trailer driver for Livingston Trucking, Inc.  His last known address is 29 Rose Acres, Texarkana, Texas, 75501.

### JURISDICTION

6.   Plaintiff incorporates all of the allegations contained in Paragraphs 1-5.

7.   The negligent acts complained of in this Complaint occurred in Miller County, Arkansas.

8.   This Court has jurisdiction over the parties and the subject matter, and venue is appropriate in this Court.

### FACTS

9.   Plaintiff incorporates all of the allegations contained in Paragraphs 1-8.

2

10.     Defendant Driver was at all times relevant to this action an employee, servant, and authorized agent of Defendant Livingston Trucking, Inc. and was acting within the course and scope of his employment.

11.     Defendant Driver was licensed to drive commercial motor vehicles by obtaining a Commercial Driver's License from the State of Texas.

12.     On December 21, 2015, Dennis James Hyman, Jr. was driving a 1997 Ford Cargo Van.

13.     Mr. Hyman was traveling in a southbound direction on Interstate 49 in Miller County, Arkansas.

14.     At approximately 11:45 in the evening, the vehicle driven by Dennis James Hyman, Jr. approached the vicinity prior to a construction zone where two lanes of traffic were merging into one lane of travel.  Due to the traffic conditions and circumstances, Dennis James Hyman, Jr. either lawfully slowed or stopped at the end of the line of merging vehicles.

15.     On December 21, 2015, Defendant Driver was traveling the same section of southbound Interstate 49, driving a 2007 Auto-Union-DKW tractor, hauling a semi-trailer, both of which were owned by Defendant Livingston Trucking, inc.

16.     Upon information and belief, Defendant Driver had driven this eastbound route on Interstate 40 near Biscoe, Arkansas, multiple times in the days and weeks prior to December 21, 2015.  He was aware, or should have been aware of the likelihood of varying traffic conditions approaching the construction zone.

17.     At approximately 11:45 p.m., the Livingston Trucking, Inc. tractor-trailer, suddenly and without warning, stopped in the middle of the right, southbound lane of

3

Interstate 49, causing the vehicle in which Dennis James Hyman, Jr. was traveling to strike the Livingston Trucking, Inc. vehicle.

18. When struck against the Livingston Trucking, Inc. tractor-trailer, the vehicle containing Dennis James Hyman, Jr. was pushed with a force sufficient to cause Mr. Hyman to be slung to the ground outside the vehicle.

19. Dennis James Hyman, Jr. died at the scene of the collision.

20. The condition of the automobile driven by Mr. Hyman after the collision was a total loss.

COUNT ONE
NEGLIGENCE

21. Plaintiff, Lauren Hyman, hereby adopts and restates paragraphs 1-20 of this Complaint.

22. Defendant Driver was at all times relevant to this action an employee, servant, and authorized agent of Defendant Livingston Trucking, Inc. and was acting within the scope of his employment.

23. Defendant Driver's negligence consists of, but is not limited to, the following acts and omissions:

    (a) Operating a tractor-trailer at a speed greater than what was reasonable and prudent under the circumstances and given the traffic conditions;

    (b) Failing to keep a careful lookout;

    (c) Failing to slow the tractor-trailer in accordance with the speed of the traffic ahead;

    (d) Failing to keep the tractor-trailer under control;

    (e) Failing to apply the brakes for the tractor-trailer in a timely manner to avoid or to mitigate injuries and damage; and

4

(f) Failing to stop, swerve or otherwise act to apply evasive or emergency maneuvers after Defendant Driver knew, or by reasonable care should have known, that there was a reasonable likelihood that the tractor-trailer would cause the vehicle behind it to strike it, causing personal injury or even death.

24. In addition, Defendant Driver failed to use the ordinary and reasonable care required under the circumstances by engaging in the following separate and independent acts and omissions:

(a) Operating a commercial motor vehicle in a fatigued and/or otherwise impaired condition; and

(b) Operating a commercial motor vehicle in a careless and imprudent manner.

25. A reasonably careful person, operating a commercial motor vehicle under similar circumstances, would foresee that the failures in duties of care listed above would result in devastating injuries, including possible death, to other persons traveling on public highways like Dennis James Hyman, Jr.

26. All of the injuries and damages complained of herein were foreseeable and proximately resulted from the negligence of Defendant Driver.

27. The above alleged negligent acts were not in compliance with the training that Defendant Driver should have received in order to obtain his Commercial Driver's License from the State of Texas, including its CDL Manual.

28. At the time of the collision described above, Defendant Driver had a duty to follow the common law rules of the road and violated certain of those rules of the road, including but not limited to:

5

(a)     Failing to keep a lookout for other vehicles on the highway, which a reasonably careful driver would keep under similar circumstances;

(b)     Failing to keep the tractor-trailer under the same level and degree of control maintained by a reasonably careful driver under similar circumstances;

(c)     In circumstances as described above, when the driver sees danger, when danger would be reasonably apparent to the driver who is keeping a proper lookout, or when the driver is warned of approaching imminent danger, in failing to use ordinary care to have his tractor-trailer under such control as to be able to check its speed or stop it, if necessary, to avoid damage to themselves or others; and

(d)     In failing to drive a tractor-trailer at a speed no greater than was reasonable and prudent under the circumstances, having due regard for any actual or potential hazards.

The failure to meet the standard of conduct required by the aforementioned common law rules of the road was negligent.

29.     All of the injuries and damages complained of herein, proximately resulted from the negligent failure of Defendant Driver to follow the rules of the road.

30.     At all relevant time periods, Defendant Driver was a driver or operator of a "commercial motor vehicle" as defined by 49 C.F.R. parts 382 *et seq.* of the Federal Motor Carrier Safety Regulations.   These federal regulations imposed certain mandatory duties and prohibitions upon Defendant Driver to ensure that in driving a commercial motor vehicle, he conducted himself in a manner that protected public health, safety and welfare.

31.     Defendant Driver violated Federal Motor Carrier Safety Regulations, including but not limited to:

6

(a)   Violation of §392.2 in failing to operate a commercial motor vehicle in accordance with the laws, ordinances, and regulations of the State of Arkansas;

(b)   Violation of §392.3 providing that no driver shall operate a motor vehicle, while the driver's ability or alertness is so impaired, or so likely to become impaired, through fatigue, illness, or any other cause, as to make it unsafe for him to begin or continue to operate a commercial motor vehicle; and

(c)   Violation of §392.14 requiring extreme caution and reduced speed when hazardous conditions exist.

32.   The federal motor carrier laws, as implemented in the Federal Motor Carrier Safety Regulations, 49 C.F.R. Parts 382 *et seq.*, including those sections cited above, are adopted and enforced by the State of Arkansas as standards and law of this State, pursuant to the Arkansas Uniform Commercial Driver License Act, Arkansas Code sections 27-23-101 *et seq.*, and the Arkansas State Highway Commission Regulations, Minute Order Revisions, Commercial Motor Carriers, Rule 17.1.

33.   Defendant Driver also violated laws and regulations enacted in the State of Arkansas governing the operation of motor vehicles on the roads and highways of this State, including but not limited to:

(a)   Violation of Arkansas Code section 27-51-104(a) providing it is unlawful for any person to drive or operate any vehicle in such a careless manner as to evidence a failure to keep a proper lookout for other traffic, vehicular or otherwise, or in such a manner as to evidence a failure to maintain proper control on the public thoroughfares in the State of Arkansas;

(b)   Violation of Arkansas Code section 27-51-104(b) providing it shall be unlawful for any person to operate or drive any vehicle on the public thoroughfares or private property in the State of Arkansas in violation of the following prohibited acts:

(1) To operate any vehicle in such a manner which would cause a failure to maintain control; and

7

(2) To operate a vehicle in any manner, when the driver is inattentive, and such inattention is not reasonable and prudent in maintaining vehicular control;

(c)     Violation of Arkansas Code section 27-51-201(a)(1) mandating that no person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing; and

(d)     Violation of Arkansas Code section 27-51-201(d) providing that the driver of every vehicle shall drive at an appropriate reduced speed when special hazard exists with respect to other traffic or highway conditions.

34.     Prior to and/or at the time of the collision, Defendant Driver violated each of the above-cited safety laws and regulations.

35.     The violations of these safety laws and regulations are negligence per se and are further evidence of the negligent conduct of Defendant Driver.

36.     The personal injuries incurred by Dennis James Hyman, Jr., including his death, are the type of injuries the above-cited safety law and regulations were designed to prevent.

37.     Prior to and at the time of the collision on December 21, 2015, when Defendant Driver was operating the tractor-trailer and caused the wreck, he knew, or in the exercise of ordinary care should have known in light of the surrounding circumstances, that the above-described conduct would naturally and probably result in injury to others, yet he continued the conduct in reckless disregard of the consequences from which malice may be inferred.  Thus, punitive damages should be imposed in this case.

8

38.     The condition of Mr. Hyman's vehicle was a total loss.  Plaintiff is entitled to damages from Defendants related to the loss of that property.  Additionally, Plaintiff is entitled to recover damages for the loss of any and all personal property lost due to the collision.

39.     As a direct and proximate result of Defendant Driver's acts and omissions, while acting within the scope of his employment for Defendant Livingston Trucking, Inc., the Plaintiff asserts a claim for all compensatory and punitive damages against Defendants, including, but not limited to, Dennis James Hyman, Jr.'s conscious pain and suffering prior to his death, property damage, mental anguish, loss of life and related expenses, plus the costs of this litigation, in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, plus costs and all other relief to which Plaintiff is entitled by law.

40.     On December 21, 2015, and at all times relevant to this action, Defendant Driver was acting within the course and scope of his employment, while driving a vehicle owned by his employer, and Defendant Livingston Trucking, Inc. had the authority, right and duty to control how Defendant Driver performed his job.  Thus, due to the employer-employee relationship and under the doctrine of respondeat superior, Defendant Livingston Trucking, Inc. is vicariously liable for the compensatory damages sought by the Plaintiff for Defendant Driver's negligence, as well as punitive damages for the conduct of that employee.

## COUNT TWO
## WRONGFUL DEATH

41.   Plaintiff, Lauren Hyman, hereby adopts and restates paragraphs 1-20 of this Complaint.

42.   As a direct and proximate result of the previously alleged conduct all which was grossly negligent, willful and wanton, outrageous and or reckless, Defendants caused the death of Dennis James Hyman, Jr.

43.   The wrongful death beneficiaries of Dennis James Hyman, Jr. are his father, Dennis Hyman, Sr.; daughter, Lauren Hyman; son, Justin Hyman; sister, Ramona Hyman; and brother, Pat Hyman.

44.   As a direct and proximate result of Defendants' acts and omissions, Plaintiff asserts a claim on behalf of the wrongful death beneficiaries for all compensatory and punitive damages against Defendants, including, but not limited to, mental anguish, loss of services and contributions of Dennis James Hyman, Jr., and medical and funeral expenses in an amount to be determined by the jury, plus the costs of this litigation, and all of the relief to which the Plaintiff is entitled to by law, all in an amount in excess of that necessary for federal diversity jurisdiction.

## DEMAND FOR JURY TRIAL

45.   Plaintiff demands that all issues of fact in this case be tried to a jury.


## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.   For damages in an amount adequate to compensate Plaintiff for the injuries and damages sustained.

10

2.    For all general and special damages caused by the alleged conduct of Defendants.

3.    For punitive damages sufficient to punish Defendants for their egregious and malicious misconduct in reckless disregard and conscious indifference to the consequences to Plaintiff and to deter Defendants and others from ever repeating such actions.

4.    For the costs of litigating this case.

5.    For all other relief to which Plaintiff is entitled by Arkansas law.


Respectfully submitted,

TRAMMELL PIAZZA LAW FIRM, PLLC


Olivia Sheppard (AR 2016204)
M. Chad Trammell (AR 95125)
418 North State Line Avenue
Texarkana, Arkansas 71854
Telephone: 870.779.1860
Facsimile: 870.779.1861

Attorneys for Plaintiff

11

## IN THE CIRCUIT COURT OF MILLER COUNTY, ARKANSAS
## EIGHT SOUTH CIRCUIT DIVISION 1

LAUREN HYMAN ET AL V LIVINGSTON TRUCKING ET AL

46CV-17-170

**SUMMONS**

**THE STATE OF ARKANSAS TO DEFENDANT:**

LIVINGSTON TRUCKING, INC.
Route 9 Box 401
Texarkana, TX  75501

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint.  Within 30 days after service of this summons on you (not counting the day you received it) - or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas - you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are:

Olivia Sheppard
418 NORTH STATE LINE AVENUE
TEXARKANA, AR  71854

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

Additional notices:

CLERK OF COURT

Address of Clerks Office

MARY PANKEY, CIRCUIT CLERK
CIRCUIT COURT OF MILLER COUNTY
412 LAUREL STREET #109
TEXARKANA, AR  71854

CARLA TYNES, DC

Date: 05/12/2017

No. 46CV-17-170 This summons is for LIVINGSTON TRUCKING, INC. (name of Defendant).

PROOF OF SERVICE

❏ I personally delivered the summons and complaint to the individual at
_____[place] on _____ [date];
or

❏ I left the summons and complaint in the proximity of the individual by
_____ after he/she refused to receive it when I offered it to him/her; or

❏ I left the summons and complaint at the individual's dwelling house or usual place of abode at
_____[address] with _____[name], a person at least 14
years of age who resides there, on _____[date]; or

❏ I delivered the summons and complaint to _____[name of individual], an agent
authorized by appointment or by law to receive service of summons on behalf of
_____[name of defendant] on _____[date]; or

❏ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons
and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as
shown by the attached signed return receipt.

❏ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I mailed a copy of the
summons and complaint by first-class mail to the defendant together with two copies of a notice and
acknowledgment and received the attached notice and acknowledgment form within twenty days after
the date of mailing.

❏ Other [specify]:
_____

❏ I was unable to execute service because:
_____
_____

My fee is $ _____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____        SHERIFF OF _____ COUNTY, ARKANSAS

                              By: _____
                              [Signature of server]

_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____     By: _____
                          [Signature of server]


                          _____
                          [Printed name]

Address: _____
          _____

Phone: _____

Subscribed and sworn to before me this date: _____


                          _____
                          Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____
_____

## IN THE CIRCUIT COURT OF MILLER COUNTY, ARKANSAS
## EIGHT SOUTH CIRCUIT DIVISION 1

<u>LAUREN HYMAN ET AL V LIVINGSTON TRUCKING ET AL</u>

46CV-17-170

**SUMMONS**

**THE STATE OF ARKANSAS TO DEFENDANT:**

DAVID CAMPBELL
29 Rose Acres
Texarkana, TX  75501

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint.  Within 30 days after service of this summons on you (not counting the day you received it) - or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas - you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are:

Olivia Sheppard
418 NORTH STATE LINE AVENUE
TEXARKANA, AR  71854

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

Additional notices:

CLERK OF COURT

Address of Clerks Office

MARY PANKEY, CIRCUIT CLERK
CIRCUIT COURT OF MILLER COUNTY
412 LAUREL STREET #109
TEXARKANA, AR  71854

CARLA TYNES, DC

Date: 05/12/2017

No. 46CV-17-170 This summons is for DAVID CAMPBELL (name of Defendant).

PROOF OF SERVICE

❏ I personally delivered the summons and complaint to the individual at
_____[place] on _____ [date];
or

❏ I left the summons and complaint in the proximity of the individual by
_____ after he/she refused to receive it when I offered it to him/her; or

❏ I left the summons and complaint at the individual's dwelling house or usual place of abode at
_____[address] with _____[name], a person at least 14
years of age who resides there, on _____[date]; or

❏ I delivered the summons and complaint to _____[name of individual], an agent
authorized by appointment or by law to receive service of summons on behalf of
_____[name of defendant] on _____[date]; or

❏ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons
and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as
shown by the attached signed return receipt.

❏ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I mailed a copy of the
summons and complaint by first-class mail to the defendant together with two copies of a notice and
acknowledgment and received the attached notice and acknowledgment form within twenty days after
the date of mailing.

❏ Other [specify]:
_____

❏ I was unable to execute service because:
_____
_____

My fee is $ ____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____        SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
[Signature of server]

_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____     By: _____
                          [Signature of server]


                          _____
                          [Printed name]

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _____


_____
Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____

ELECTRONICALLY FILED
Miller County Circuit Court
Mary Pankey, Circuit Clerk
2017-Jun-23  15:21:35
46CV-17-170
C08SD01 : 2 Pages

## IN THE CIRCUIT COURT OF MILLER COUNTY, ARKANSAS

Lauren Hyman, individually, and
as Special Administrator of the
Estate of Dennis James Hyman, Jr., deceased,
and on behalf of the wrongful death
beneficiaries of Dennis James Hyman, Jr.                          **PLAINTIFF**

v.                              NO. 46CV-17-170

Livingston Trucking, Inc., and
David Kenneth Campbell                                          **DEFENDANTS**

## PROOF OF SERVICE –
## LIVINGSTON TRUCKING, INC.

On or about June 10, 2017, Livingston Trucking, Inc. was served with Plaintiff's

Original Complaint. Exhibit A is the return receipt signed by Gene Livingston on behalf

of Livingston Trucking, Inc.

Respectfully Submitted,

**TRAMMELL PIAZZA LAW FIRM, PLLC**

M. Chad Trammell
TN BPR# 021146
418 North State Line Avenue
Texarkana, Arkansas 71854
Telephone: 870.779.1860
Facsimile: 870.779.1861


*And*


*Attorneys for Plaintiff*

1

**SENDER: COMPLETE THIS SECTION**

☑ Complete items 1, 2, and 3.
☑ Print your name and address on the reverse so that we can return the card to you.
☑ Attach this card to the back of the mailpiece, or on the front if space permits.

Livingston Trucking, Inc.
c/o Duane Livingston
Route 9 Box 401
Texarkana, TX 75501

9590 9402 2172 6193 6516 07

2. Article Number *(Transfer from service label)*
7014 3490 0000 0997 7350

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Duane Livingston_   ☐ Agent   ☐ Addressee

B. Received by *(Printed Name)*   C. Date of Delivery
C Livingston   6-10-17

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
   (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt



EXHIBIT
A

ELECTRONICALLY FILED
Miller County Circuit Court
Mary Pankey, Circuit Clerk
2017-Jun-23  15:21:35
46CV-17-170
C08SD01 : 2 Pages

## IN THE CIRCUIT COURT OF MILLER COUNTY, ARKANSAS

Lauren Hyman, individually, and
as Special Administrator of the
Estate of Dennis James Hyman, Jr., deceased,
and on behalf of the wrongful death
beneficiaries of Dennis James Hyman, Jr.                              PLAINTIFF

v.                              NO. 46CV-17-170

Livingston Trucking, Inc., and
David Kenneth Campbell                              DEFENDANTS

## PROOF OF SERVICE –
## DAVID CAMPBELL

On or about June 8, 2017, David Campbell was served with Plaintiff's Original Complaint. Exhibit A is the return receipt signed by David Campbell.

Respectfully Submitted,

TRAMMELL PIAZZA LAW FIRM, PLLC

M. Chad Trammell
TN BPR# 021146
418 North State Line Avenue
Texarkana, Arkansas 71854
Telephone: 870.779.1860
Facsimile: 870.779.1861

*And*

*Attorneys for Plaintiff*

1

**SENDER: COMPLETE THIS SECTION**

☑ Complete items 1, 2, and 3.
☑ Print your name and address on the reverse
   so that we can return the card to you.
☑ Attach this card to the back of the mailpiece,
   or on the front if space permits.

David Campbell
29 Rose Acres
Texarkana, TX 75501

9590 9402 2172 6193 6515 91

2. Article Number (Transfer from service label)

7014 3490 0000 0997 7343

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X David Campbell          ☐ Agent
                          ☐ Addressee
B. Received by (Printed Name)    C. Date of Delivery
David Campbell            6-8-17
D. Is delivery address different from Item 1?  ☐ Yes
   If YES, enter delivery address below:      ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
   (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted
   Delivery
☒ Return Receipt for
   Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation
   Restricted Delivery

Domestic Return Receipt


EXHIBIT
A