IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

LAUREN HYMAN, Individually and as
Special Administrator of the Estate of
Dennis James Hyman, Jr., on behalf of
the Wrongful Death Beneficiaries of
Dennis James Hyman, Jr.                                                      PLAINTIFF

v.                          CASE NO. 4:17-cv-04050

LIVINGSTON TRUCKING, INC.;
DAVID KENNETH CAMPBELL;
TYSON FOODS, INC.; JOHN
DOE DEFENDANTS 1-5, Unknown
Defendants                                                           DEFENDANTS

## **ORDER**

On March 22, 2018, Plaintiff filed a Motion to Amend Her Complaint to Add Parties. ECF No. 27. Plaintiff stated that she had conferred with Defendants and that they did not oppose the motion. ECF No. 27, ¶ 9. Likewise, Defendants did not file a response to the motion. On April 20, 2018, the Court granted Plaintiff's Motion to Amend Her Complaint to Add Parties. ECF No. 28. Plaintiff has now filed her Second Amended Complaint. ECF No. 29.

Upon review of the Plaintiff's Second Amended Complaint, the Court notes that Plaintiff states that Tyson Foods, Inc. has its principal place of business in Springdale, Arkansas. ECF No. 29, ¶ 6. Accordingly, it appears that Tyson Foods, Inc. is a citizen of the State of Arkansas. *See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]"). Plaintiff, likewise, is a citizen of the State of Arkansas because she represents the estate of her father, who was a citizen of the State of Arkansas. *See* 28 U.S.C. § 1332(c)(2) ("the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same

State as the decedent[.]"). The present matter was removed to this Court from the Circuit Court of Miller County, Arkansas. The Notice of Removal indicated that this Court has subject matter jurisdiction based on diversity of citizenship. ECF No. 1, ¶ 5. With that in mind, the Court recognizes that the joinder of Tyson Foods, Inc.—an Arkansas Defendant—destroys diversity and, therefore, this Court's subject matter jurisdiction.

28 U.S.C. § 1447(e) provides that: "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." In the instant action, the Court has allowed joinder of Tyson Foods, Inc., a non-diverse defendant, noting that Defendants did not raise any objection to Plaintiff's Motion to Amend Her Complaint to Add Parties. Accordingly, having permitted joinder of Tyson Foods, Inc., the Court finds that this matter should be remanded to the Miller County Circuit Court as contemplated by 28 U.S.C. § 1447(e).

Therefore, for the foregoing reasons, the Court finds that this matter should be and hereby is immediately remanded to the Circuit Court of Miller County, Arkansas, for proper adjudication of the issues in this case.

**IT IS SO ORDERED**, this 26th day of April, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge